**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kent Marshall, | ) |
|     Petitioner, | ) CIV 10-02544 PHX SRB (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| Charles Ryan, Arizona Attorney General, | ) |
|     Respondent. | ) |

**TO THE HONORABLE SUSAN R. BOLTON:**

On or about November 23, 2010, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition for habeas relief is captioned as being filed by an individual on probation, rather than a person in the custody of law enforcement. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 11) on May 6, 2011. Petitioner filed a traverse (Doc. 17) on September, 2011.

**I Procedural background**

On October 10, 2006, a Maricopa County grand jury indicted Petitioner on three counts of sexual conduct with a minor under the age of fifteen, and the crimes were charged as dangerous crimes against a child. See Answer, Exh. A. On

November 17, 2006, the state filed its disclosure and notice that it intended to use other-act evidence against Petitioner under Arizona Rules of Evidence 404(b) and (c). See id., Exh. B. On December 20, 2006, the state filed another notice of intent to introduce other acts of the defendant under Rule 404(b) and (c). See id., Exh. C. The state asserted that, during the same time period that Petitioner had committed the charged acts involving the victim named in the indictment, Petitioner had also grabbed a different 12-year-old's buttocks and attempted to fondle her breasts. Id., Exh. C.

On June 4, 2007, Petitioner and the state entered into a written plea agreement. Id., Exh. D. The plea agreement provided Petitioner would plead guilty to one count of sexual conduct with a minor under the age of fifteen (count 1) and would plead guilty to two counts of attempted sexual conduct with a minor under the age of fifteen (amended counts 2 and 3). Id., Exh. D. In the plea agreement the parties stipulated that, with regard to Petitioner's guilty plea on count 1, Petitioner would face a sentencing range of a 20-year presumptive sentence that could be mitigated downward to 13 years or aggravated upward to 27 years imprisonment. Id., Exh. D.

The plea agreement also provided that "the defendant hereby waives and gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement." Id., Exh. D. The plea agreement also specified:

> "The parties hereto fully and completely understand and agree that by entering into a plea agreement, the defendant consents to judicial factfinding by preponderance of the evidence as to any aspect or enhancement of sentence, and that any sentence either stipulated to or recommended herein in paragraph two is not binding on the court. In making the sentencing determination, the court is not bound by the rules of evidence.

Id., Exh. D.

Petitioner signed his initials next to the paragraph of the plea agreement that states he had read the plea agreement, and discussed the case and his rights with his lawyer. Petitioner acknowledged that his lawyer had explained the charges and the elements of the charged crimes. Petitioner further acknowledged in writing that: "I understand that by pleading guilty I will be waiving and giving up ... a trial by jury to determine guilt and to determine any fact used to impose a sentence within the range stated above in paragraph one ...." Id., Exh. D.

On June 6, 2007, the trial court conducted a change-of-plea hearing and conducted a plea colloquy. Id., Exhs. E & F. Petitioner responded "Yes, sir" when the trial court asked him if he understood that, "as to Count 1, you are facing a prison sentence with a range of up to 27 years, a mitigated term of 13 years, and presumptive term of 20 years and that probation is not available?" Id., Exh. E at 3. At the plea hearing Petitioner also agreed with his attorney's rendition of the factual basis for the three counts to which Petitioner was pleading guilty. At the conclusion of the

-3-

hearing the trial court found that Petitioner was pleading guilty knowingly, intelligently, and voluntarily, and entered the plea agreement into the record. Id., Exh. E at 9 & Exh. F at 2. The trial court granted Petitioner's request for a 60-day period before sentencing so that Petitioner could consult with a mitigation specialist. Id., Exh. E at 9-10 & Exh. F at 2.

On August 16, 2007, the trial court held a sentencing hearing. Id., Exhs. I-J. At the hearing the victim's mother addressed the court. Id., Exh. I at 4-9. After also hearing from the prosecutor, defense counsel, and Petitioner, the trial court explained its imposition of the maximum sentence:

> ***
> I find that there are aggravating factors. One, you continued to pursue young girls of this age by evidence, by that text message, when you knew or had reason to know that this girl was not 17.
> The Court finds aggravating factor that you continued to pursue this relationship when you knew or had reason to know that this girl was of the same age as your girlfriend's children.
> The Court finds aggravating factor that you knew or had reason to know that these children were the same age, you attempted to pursue additional relationships with another person of the same age.
> The Court finds that the presumptive sentence is not appropriate.
> The Court finds that an aggravated term of 27 years is appropriate in this case, as the victim will live with this for the rest of her life.

Id., Exh. I at 18.

On October 5, 2007, Petitioner initiated a state action for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. Id., Exh. K. Petitioner's appointed

post-conviction counsel disclosed that he was unable to find any meritorious claims to raise on Petitioner's behalf. Petitioner filed a pro se brief in which he argued that he received ineffective assistance of counsel and that his sentence was illegal. Id., Exh. M.

On October 21, 2008, the trial court summarily denied post-conviction relief, stating Petitioner had failed to present a colorable claim. Id., Exh. O. Petitioner sought review in both the Arizona Court of Appeals and the Arizona Supreme Court, both of which summarily denied review. Id., Exhs. P-S.

On November 5, 2010, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to section 2254. Petitioner asserts that he was denied his Sixth Amendment right to the effective assistance of counsel. Petitioner alleges his defense counsel improperly "allow[ed]" the sentencing judge to utilize the 12-year-old victim's age as an aggravating factor "when the age is already a part of the element of the crime" and when the age of the victim already yielded the enhanced sentencing range as a dangerous crime against children. See Doc. 1 at 6. Petitioner maintains that his trial counsel's allegedly deficient performance prejudiced Petitioner because, he alleges, he was thereby sentenced to the maximum rather than the presumptive sentence.

Petitioner also contends he is entitled to habeas relief because the trial court violated his right to a jury trial under the Sixth Amendment, as interpreted in the United States Supreme Court's opinions in Blakely and Apprendi: "The

judge made as an aggravating factor [that Petitioner] attempted to pursue additional relationships with another person of the same age. Petitioner was never charge[d] with this crime, nor w[ere] these facts proven by a jury (reasonable doubt). I was never convicted of this aggravating factor." <u>Id.</u> at 7.

### II Standard of review

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. <u>See</u> 28 U.S.C. § 2254(d) (1994 & Supp. 2010); <u>Carey v. Musladin</u>, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); <u>Musladin v. Lamarque</u>, 555 F.3d 834, 838 (9th Cir. 2009). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1); <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); <u>Crittenden v. Ayers</u>, 624 F.3d 943, 950 (9th Cir. 2010); <u>Stenson v. Lambert</u>, 504 F.3d 873, 881 (9th Cir. 2007). Additionally, the United States Supreme Court recently held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011).

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). To obtain a writ of habeas corpus from a federal court, a petitioner must show that the state court's decision "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility [of] fairminded disagreement." Id. at 786-87.

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Stanley v. Cullen, 633 F.3d 852, 860 (9th Cir. 2011); Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Even where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. See, e.g., Brown v. Payton, 544

-7-

U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004). For example, a state court's decision is considered contrary to federal law if the state court erroneously applied the wrong standard of review or an incorrect test to a claim. See Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009); Wright v. Van Patten, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-47 (2008); Norris v. Morgan, 622 F.3d 1276, 1288 (9th Cir. 2010), cert. denied, 131 S. Ct. 1557 (2011). See also Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008); Bledsoe v. Bruce, 569 F.3d 1223, 1233 (10th Cir. 2009). "A state court decision is contrary to clearly established federal law if it arrives at a conclusion of law opposite to that of the Supreme Court or reaches a result different from the Supreme Court on materially indistinguishable facts." McNeal v. Adams, 623 F.3d 1283, 1287-88 (9th Cir. 2010), cert. denied, 79 U.S.W.L. 3727 (June 27, 2011) (No. 10-10109), citing Taylor v. Lewis, 460 F.3d 1093, 1097 n.4 (9th Cir. 2006).

The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). See also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010); Cook v. Schriro, 538 F.3d 1000, 1015 (9th Cir. 2008). "A state court decision involves an unreasonable

-8-

application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable." McNeal, 623 F.3d at 1287-88. However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. See, e.g., Renico v. Lett, 130 S. Ct. 1855, 1862 (2010). An unreasonable application of law is different from an incorrect one. See, e.g., McNeal, 623 F.3d at 1287-88; Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005).[1]

> "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Ibid. "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, [] 129 S.Ct. 1411, 1413-14, [] (2009) (internal quotation marks omitted).

Harrington, 131 S. Ct. at 786. See also Howard v. Clark, 608 F.3d 563, 567-68 (9th Cir. 2010).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court

---

[1] "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." Adamson v. Cathel, 633 F.3d 248, 255-56 (3d Cir. 2011).

must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Panetti v. Quarterman, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); Greenway v. Schriro, ___ F.3d ___, 2011 WL 3195310, at *14 (9th Cir.); Norris, 622 F.3d at 1286; Howard, 608 F.3d at 568.

**III Analysis**

**A. Petitioner contends he was denied his federal constitutional right to the effective assistance of counsel**

Petitioner asserts that his counsel was unconstitutionally ineffective because, he alleges, counsel "allowed" the judge to use the victim's age as an aggravating factor when imposing sentence. Petitioner alleges this was error because the victim's age was an element of the crime and because the sentence was already "enhanced" by charging Petitioner with a dangerous crime against children. Petitioner asserts his counsel's performance was deficient because counsel also failed to advise Petitioner that, by pleading guilty, Petitioner was waiving his right to have a jury determine facts "essential" to Petitioner's sentence.

The state courts denied Petitioner's ineffective assistance of counsel claim, which he raised in his Rule 32 action. The Arizona state court's conclusion that Petitioner was not deprived of his right to the effective assistance of counsel was not clearly contrary to nor an unreasonable

-10-

application of federal law.

> The "clearly established Federal law, as determined by the Supreme Court of the United States" at issue in this case is the test for ineffective assistance of counsel claims set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, [] (1984), and in Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, [] (1985). Under Strickland, to establish a claim of ineffective assistance of counsel, the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice. 466 U.S. at 687, 104 S. Ct. 2052. In Hill, the Supreme Court adapted the two-part Strickland standard to challenges to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 57-59, 106 S. Ct. 366.

Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007).

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range' of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Premo v. Moore, 131 S. Ct. 733, 739 (2011) (internal citations and quotations omitted), citing Harrington, 131 S. Ct. at 788 ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not

-11-

whether it deviated from best practices or most common custom."). Counsel's performance is not deficient nor prejudicial when counsel "fails" to raise an argument when counsel reasonably believes the motion would be futile. See Premo, 131 S. Ct. at 741; Harrington, 131 S. Ct. at 788.

Furthermore, to succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 369 (1985).

> In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. ... Instead, Strickland asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052. ... The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052.

Harrington, 131 S. Ct. at 791-92 (some internal citations omitted). Although the Court may proceed directly to the prejudice prong, the Court may not assume prejudice solely from counsel's allegedly deficient performance. See Jackson v. Calderon, 211 F.3d 1148, 1155 n.3 (9th Cir. 2000).

Petitioner has not established that his counsel's performance was deficient, or that any alleged deficiency prejudiced Petitioner. The plea agreement was beneficial to Petitioner and Petitioner indicated both in the written plea

agreement and at the plea colloquy that he understood the terms of the plea agreement and was pleading guilty voluntarily and knowingly. In the plea agreement Petitioner specifically waived his right to have a jury determine every fact weighed when imposing sentence. Petitioner has not demonstrated that, but for counsel's advice with regard to the plea agreement and the sentencing procedure, Petitioner would have chosen to go forward to trial on all of the counts charged in the indictment as charged in the indictment.[2] Accordingly, because counsel's performance was neither deficient nor prejudicial, the Arizona courts did not err in determining that Petitioner was not deprived of his right to the effective assistance of counsel.

**B. Petitioner asserts his sentence violated the doctrine of <u>Blakely v. Washington</u> and <u>Apprendi v. New Jersey</u>.**

Petitioner asserts that the judge improperly found aggravating sentencing factors using a preponderance of the evidence standard, depriving Petitioner of his right to have every element of his crime determined by a jury beyond a reasonable doubt. Petitioner also asserts the judge improperly aggravated Petitioner's sentence based on Petitioner's alleged pursuit of another under-age girl after Petitioner had been charged with the crimes of conviction, even though Petitioner was never charged with or convicted of a crime regarding the other girl. Petitioner raised these claims in his state Rule 32

---

[2] Had Petitioner proceeded to trial and been convicted on all three counts he faced three life sentences without the possibility of parole for 35 years. Answer, Exh. I at 9-10.

-13-

action and the state court summarily denied the claims.

Petitioner relies on the doctrine espoused by the United States Supreme Court in Apprendi and Blakely. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000). The Supreme Court explained in Blakely v. Washington that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. 296, 303, 124 S. Ct. 2531, 2537, (2004).

However, in the written plea agreement Petitioner specifically waived his right to a jury determination of facts or factors which would result in imposition of the maximum sentence rather than the presumptive sentence. The United States Supreme Court clearly upheld such a waiver in Blakely v. Washington. See 542 U.S. at 310, 124 S. Ct. at 2541 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding."). "[N]othing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant ... consents to judicial factfinding." Id., 542 U.S. at 310, 124 S. Ct. at 2541.

-14-

In his traverse, Petitioner argues that his sentence was improperly aggravated because the judge applied a preponderance of the evidence standard to arrive at factual findings supporting an aggravated sentence. Petitioner also maintains that he was improperly sentenced because aggravating factors were found by a judge rather than a jury. Petitioner notes that the trial judge expressed that he was inclined to sentence Petitioner to the recommended presumptive sentence until he listened to the victim's mother speak at Petitioner's sentencing hearing.

Petitioner could and did waive his right to have each factor that determined his ultimate sentence determined by a jury and, therefore, the state court did not err by denying this claim in Petitioner's Rule 32 proceeding and Petitioner is not entitled to habeas relief on this claim. See White v. Battaglia, 454 F.3d 705, 707 (7th Cir. 2006).

**IV Conclusion**

Petitioner has not established that the guilty plea was not knowing or voluntary and, accordingly, the guilty plea was valid and Petitioner's waiver of his rights therein must be enforced, including Petitioner's right to have a jury determine sentencing factors beyond a reasonable doubt. The state court did not err in determining that Petitioner was not deprived of his right to the effective assistance of counsel.

-15-

**IT IS THEREFORE RECOMMENDED** that Mr. Marshall's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation

of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 13th day of September, 2011.

_____
Mark E. Aspey
United States Magistrate Judge